UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Alfred Flowers,

                Plaintiff,

v.

Officer Jon Schliesing, *et al.*,

                Defendants.

Civ. No. 15-3015 (RHK/HB)

**ORDER**

---

      Late in the evening on July 25, 2014, Defendants John Schliesing and Christopher Reiter, two Minneapolis police officers, went to Plaintiff Alfred Flowers's home to execute an arrest warrant for his daughter, S.F. There, Flowers claims the officers physically assaulted him without provocation. He later commenced this action, alleging violations of federal and state law. Presently before the Court is Defendants' Motion for Partial Summary Judgment. For the reasons that follow, the Motion will be granted.

      The facts material to this Motion are undisputed. In May 2014, S.F. was charged with receiving stolen property in Anoka County, Minnesota. In lieu of pretrial detention, she was placed on Electronic Home Monitoring ("EHM") on a "zero tolerance basis." (Lathrop Dec. Ex. 2.) Her EHM contract required her to "remain inside [her] house or apartment at all times unless given permission to leave." (Id. Ex. 3.) It also cautioned that, if she left her home without permission, she would be "charged with escape from a correctional institution under [Minnesota Statutes section 609.485]." (Id.) Monitoring began on July 15, 2014. (Id. Ex. 5.)

On July 25, 2014, S.F. called EHM staff complaining of "terrible stomach pains." (Id.) She obtained permission to leave her home for several hours to seek medical attention, which she did. However, she did not return by the time set by EHM staff nor did she advise EHM staff of her whereabouts. After unsuccessful attempts to reach her and Flowers by phone, a warrant for S.F.'s arrest was issued. (Id. Ex. 8.) Minneapolis police received notice of the warrant, advising them to "check address of 3106 Chicago Ave S[outh]," S.F.'s address of record. (Id. Ex. 9.)

Near midnight, officers Schliesing and Reiter responded to that address. Flowers met them at the door and learned of their intention to arrest his daughter. According to the Complaint, Flowers asked the officers why they intended to arrest S.F. "The officers responded, 'I don't know why, but she could have done something yesterday or the day before.'" (Compl. ¶ 5.) Flowers asked to see a warrant, but the officers said they did not have one.[1] (Id.) He called S.F. to the door, and, shortly after she arrived, "all of a sudden, unexpectedly and without warning, [one of the officers] grabbed [him] by his throat, choked him, and threw him." (Id. ¶ 7.) He alleges he was then beaten, taken outside, and thrown up against a squad car. (Id. ¶ 8.) According to the officers, however, Flowers obstructed their attempts to arrest S.F. and then resisted arrest himself. (Lathrop Decl. Ex. 11.) It is undisputed that Flowers was ultimately arrested and charged with assault and obstruction.[2] S.F. disappeared during the struggle but later turned herself in.

---

[1] Flowers continues to assert that the officers did not have a warrant (Mem. in Opp'n 7), undeterred by a copy of the warrant submitted by the officers. (Lathrop Decl. Ex. 8).

[2] The record does not reveal the disposition of these charges.

Nearly one year later, Flowers commenced this action.  He alleged[3] a litany of claims against Reiter, Schliesing, and the Minneapolis Police Department, including claims for excessive force, unreasonable search and seizure, and conspiracy pursuant to 42 U.S.C. § 1983.  He also alleged violations of 42 U.S.C. §§ 1985 and 1986, as well as violations of state law.  On October 19, 2016, Defendants moved for partial summary judgment.[4]  In the Court's view, partial summary judgment is warranted here.

Defendants base their Motion in large part on the lack of evidence offered by Flowers.  When a party seeks summary judgment by pointing out an absence of evidence to support the nonmoving party's claims, see Fed. R. Civ. P. 56(c)(1)(B); McLaughlin v. Esselte Pendaflex Corp., 50 F.3d 507, 513 (8th Cir. 1995), the Court looks to the nonmovant to "*go beyond the pleadings*," Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (emphasis added), and "set forth specific facts," through affidavits, depositions, documents, and the like showing a genuine issue for trial.  McLaughlin, 50 F.3d 507 at 513.  "Summary judgment [thus becomes] the put up or shut up moment in a lawsuit." Johnson v. Camridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003).  Here, Flowers has

---

[3] The Court notes that although the parties stipulated to the filing of an Amended Complaint by November 18, 2016 (Doc. No. 13), no Amended Complaint was filed.  Thus, the original Complaint (Doc. No. 1) remains operative.

[4] Summary judgment is proper if, drawing all reasonable inferences in favor of Flowers, there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp., 477 U.S. at 322–23.  Defendants bear the burden of showing that the material facts in the case are undisputed.  Id. at 322; Whisenhunt v. Sw. Bell Tel., 573 F.3d 565, 568 (8th Cir. 2009).  Flowers may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Wingate v. Gage Cnty. Sch. Dist., No. 34, 528 F.3d 1074, 1078–79 (8th Cir. 2008).

wholly failed to "put up": his responsive brief cites nothing beyond the allegations in the Complaint (see Doc. No. 24), and he has not submitted nor identified a single piece of evidence. This alone is a sufficient basis for granting the Motion in its entirety. Johnson, 325 F.3d at 901. Nevertheless, even were the Court to examine each claim in light of the evidence submitted by the officers, all would fail.

*First*, the Minneapolis Police Department argues it is not a separate, suable entity, but rather is a division of the City government. The Court agrees. El-Alamin v. Radke, 369 F. App'x 770, 771 (8th Cir. 2010) (per curiam) ("[T]he Minneapolis Police Department (MPD) is not a suable entity."); Defedo v. Schnell, Civ. No. 15-2585, 2015 WL 6549586, at *2 (D. Minn. Oct. 27, 2015) (Kyle, J.). Additionally, Flowers has not alleged the existence of an unconstitutional policy or custom, proof of which is required to prevail against a government entity. Monell v. Dep't of Social Servs., 436 U.S. 658, 690–91 (1978).[5] Accordingly, all claims against the Minneapolis Police Department must be dismissed.

*Second*, the officers argue that Flowers's §§ 1983 and 1985 conspiracy claims fail for lack of evidence, and the Court agrees. Section 1983 provides a cause of action against individuals who conspire to violate a plaintiff's constitutional rights. Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999). Similarly, § 1985(3) "provides a cause of action for damages sustained as a result of . . . conspiracies to deprive individuals of

---

[5] This omission also appears to scuttle Flowers's official-capacity claims against the officers, since a claim against a state official in his or her *official* capacity is merely "another way of pleading an action . . . against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991); Schaffer v. Beringer, __ F.3d __, No. 15-3438, 2016 WL 6832976, at *6 (8th Cir. Nov. 21, 2016).

equal privileges and immunities and equal protection under the law." Kelly v. City of Omaha, 813 F.3d 1070, 1077 (8th Cir. 2016). For the claims to survive the officers' Motion, the record must contain facts from which a reasonable jury could infer the existence of a conspiracy. Helmig v. Fowler, 828 F.3d 755, 763 (8th Cir. 2016). A conspiracy involves "a 'meeting of the minds' or understanding among the conspirators to achieve the conspiracy's aims." White v. McKinley, 519 F.3d 806, 816 (8th Cir. 2008) (internal quotations and citation omitted). Since conspiracies are "generally proved by circumstantial evidence, summary judgment should only be granted where the evidence is so one-sided as to leave no room for any reasonable difference of opinion as to how the case should be decided." Helmig, 828 F.3d at 763 (internal quotation and citations omitted). This is such a case.

In support of his claim (but without citation to the record), Flowers argues that he is a known community activist, the officers had no warrant, and other, unnamed officers joined in the use of excessive force "without delay." (Mem. in Opp'n 4–6.) In the Court's view, these facts are insufficient to suggest an agreement among the officers to violate his constitutional rights. It is not genuinely disputed that Schliesing and Reiter each received notice of S.F.'s arrest warrant directing them to check 3106 Chicago Avenue South, and they responded in separate vehicles. Flowers has cited no evidence that Schliesing or Reiter communicated at all prior to their arrival, recognized this address as his, or expected to encounter him there. To the contrary, he testified that he had no reason to believe Schliesing or Reiter knew him as a community activist when they arrived. (Flowers Dep. 126–27.) Further, Flowers acknowledges that the officers

stated their purpose was to arrest S.F.; the record reveals no evidence of an ulterior aim to violate Flowers's constitutional rights.[6] Only after Flowers questioned the officers' legal authority did they allegedly assault him. Hence, even taking Flowers's version of the facts as true (*i.e.*, that the officers beat him without warning), "the record contains no proof [of a conspiracy] beyond speculation." Askew, 191 F.3d at 958. Accordingly, Flowers's conspiracy claims (Counts 2 and 3 of the Complaint) will be dismissed.

The absence of evidence supporting a conspiracy is also fatal to Flowers's claim under 42 U.S.C. § 1986, which provides a cause of action against individuals who knew of, but failed to prevent, a § 1985 conspiracy. Keefe v. City of Minneapolis, 785 F.3d 1216, 1223 (8th Cir. 2015). As discussed above, the record reveals no evidence of a conspiracy and, in the absence of a conspiracy, Flowers cannot prevail on his § 1986 claim. Jensen v. Henderson, 315 F.3d 854, 863 (8th Cir. 2002) (§ 1986 claim is "dependent upon a valid § 1985 claim"). Accordingly, his § 1986 claim will be dismissed.

*Third*, the officers seek summary judgment on Flowers's claim under the Minnesota Constitution. Case law supports the officers' contention that Minnesota does not recognize a private right of action to enforce constitutional claims. See, e.g., Jones v. James, Civ. No. 02-4131, 2005 WL 459652, at *8 (D. Minn. Feb. 24, 2005) (Ericksen, J.) (citing Bird v. Dept. of Pub. Safety, *et al.*, 375 N.W.2d 36, 40 (Minn. Ct. App. 1985)); see also Northstar Legal Found. v. Honeywell Project, 355 N.W.2d 186, 188 (Minn. Ct.

---

[6] To be clear, the issue of whether Flowers's constitutional rights were in fact violated is not before the Court.

App. 1984) (no action lies under Minn. Const.). Flowers has failed to address this argument in his response. (Mem. in Opp'n 7–8.) Accordingly, his claim under the Minnesota Constitution (Count 4) will be dismissed.

Finally, the officers argue that Flowers's negligence claim fails for lack of evidence. Flowers alleged negligence, but he has cited no evidence of it, see Fed. R. Civ. P. 56(c), and none appears in the record. Further, he has not cited any authority on the standard of care supposedly owed to him by the officers, nor has he explained how the officers failed to meet that standard. (Mem. in Opp'n 8.) Hence, his negligence claim (Count 7) will be dismissed.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion for Partial Summary Judgment (Doc. No. 20) is **GRANTED**. Counts 2, 3, 4, and 7 of Plaintiff's Complaint, as well as Counts 1, 5, and 6 as alleged against the Minneapolis Police Department, are **DISMISSED WITH PREJUDICE.**

Date:  December 1, 2016                                s/Richard H. Kyle
                                                       RICHARD H. KYLE
                                                       United States District Judge